# UNITED STATES OF AMERICA
# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| WALTER MILLER, #185506, | |
| Plaintiff, | Case No. 1:13-cv-19 |
| v. | Honorable Paul L. Maloney |
| MARY BERGHUIS, et al., | **REPORT AND RECOMMENDATION** |
| Defendants. | |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. §1983. This lawsuit arises out of plaintiff's transfer on March 24, 2011, from the Earnest C. Brooks Correctional Facility (LRF) to the Richard A Handlon Correctional Facility (MTU). The defendants are LRF's Warden Mary Berghuis and former Assistant Deputy Warden (ADW) Mark Sutherby. Plaintiff states that his claim is a "First Amendment Retaliation claim under 42 U.S.C. § 1983." (Am. Compl. ¶ I, docket # 4). Plaintiff seeks an award of damages against defendants in their individual capacities. (*Id.* at ¶¶ 4, 5, 31).

42 U.S.C. § 1997e(c)(1) states that the "court shall on its own motion . . . dismiss any action . . . if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted . . . ." I recommend dismissal of this lawsuit because plaintiff's amended complaint fails to state a claim on which relief can be granted.

## Plaintiff's Allegations

Plaintiff is an inmate in the custody of the Michigan Department of Corrections. (¶ 3).[1] In March 2011, plaintiff was an inmate at the Earnest C. Brooks Correctional Facility (LRF). (¶¶ 3, 21). The defendants are LRF's Warden Mary Berghuis and former Assistant Deputy Warden (ADW) Mark Sutherby. (¶¶ 4, 5).

Plaintiff is a Muslim and was a unit representative on the Warden's Forum. (¶¶ 8, 9). Plaintiff alleges that during a Warden's Forum meeting on March 23, 2011, he raised unspecified "concerns" about approval of unspecified Christian prisoner programs, activities, and events and denial of unspecified non-Christian programs, activities, and events.[2] (¶¶ 13, 14). According to plaintiff, the warden told him to "shut up" and the ADW told him that he was "treading on thin ice." (¶ 15). "At the conclusion of the meeting, Defendant B[erghuis] directed defendant S[utherby] and LRF's Security Classification Committee to transfer P[laintiff] from LRF in response to P[laintiff's] complaints during the Warden's Forum [m]eeting." (¶ 16). On March 24, 2011, plaintiff was transferred from LRF to the Richard A. Handlon Correctional Facility (MTU). (¶ 21). As a result

---

[1] All the paragraph references herein are references to plaintiff's "First Amended Complaint." (docket # 4).

[2] Plaintiff's amended complaint superceded his original pleading. *See B& H Med., L.LC v. ABP Admin. Inc.*, 526 F.3d 257, 267 n.8 (6th Cir. 2008). His amended complaint does not incorporate any of the exhibits that he attached to his original pleading. *See* FED. R. CIV. P. 10(c). Even assuming the court could consider the exhibits, plaintiff's amended complaint would still fail to state a claim. The exhibits indicate that plaintiff objected to the presence of a Christmas tree at LRF (docket # 1-1, ID# 26) and the denial of a "Savior's Day" proposal to host an event in the prison's gym "open to the entire Prisoner Population" and involving use of the prison's "P A System" (*Id.* at ID#s 28-31). Statements that plaintiff made in the grievance appeal process suggest that during the meeting on March 23, 2011, he accused the warden of abusing prisoner funds to provide "unlimited funds . . . to cover the cost of Christian [p]rogramming" and refusing to allocate funds to Islamic groups. (*Id.* at ID# 38).

of the transfer, plaintiff lost his job at LRF along with his position as a unit representative and member of the Warden's Forum. (¶ 22).

**Discussion**

Plaintiff did not enjoy any constitutional right to be housed in the prison of his choice. His transfer from LRF to MTU is "not subject to audit under the Due Process Clause." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Plaintiff did not have a protected liberty or property interest in a position as an LRF unit representative. *See Cromer v. Dominguez*, 103 F. App'x 570, 573 (6th Cir. 2004)(An inmate "has no liberty or property interest in his position as a unit representative on the warden's forum."). Prisoners have no constitutionally protected liberty or property interest in prison employment under the Fourteenth Amendment. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job.").

Plaintiff's claims fare no better when cast as "retaliation" in violation of his First Amendment rights for the "protected conduct" of participating in the Warden's Forum. It is "well established [] that participation in the Warden's Forum is not protected conduct." *Griffin v. Berghuis*, No. 11-14876, 2012 WL 4486073, at * 3 (E.D. Mich. Aug. 3, 2012); *see Reeves v. Chapman*, No. 2:11-cv-11830, 2011 WL 2518843, at * 2 (E.D. Mich. June 23, 2011); *Davis v. Straub*, No. 1:07-cv-156, 2009 WL 4908433, at * 3 (W.D. Mich. Dec. 11, 2009); *Moore v. Michigan Dep't of Corr.*, No. 1:07-cv-756, 2009 WL 2170369, at * 3 (W.D. Mich. July 21, 2009).

**Recommended Disposition**

For the foregoing reasons, I recommend that this lawsuit be dismissed pursuant to 42 U.S.C. § 1997e(c)(1) for failure to state a claim on which relief can be granted.


Dated:  September 11, 2013           /s/  Joseph G. Scoville
                                     United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).